# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0119-01** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **SHANNON HENDERSON** | : | |

## ORDER

AND NOW, this 2nd day of February, 2009, upon consideration of the government's motion (Doc. 356) to reduce the sentence previously imposed on defendant in the above-captioned case, see FED. R. CRIM. P. 35(b)(2)(A) ("Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information not known to the defendant until one year or more after sentencing. . . ."); United States v. Foisy, No. 04-0029-2, 2006 WL 42402, at *1 (E.D. Pa. Jan. 6, 2006) ("[Rule 35(b)] motions are addressed entirely to the discretion of the district judge; the judge can deny such motions for virtually any reason or for no reason at all." (quoting Diggs v. United States, 740 F.2d 239, 249 (3d Cir. 1984))); see also Gov't of Virgin Islands v. Gereau, 603 F.2d 438, 443 n.3 (3d Cir. 1979) ("The decision as to whether to hold a hearing on a Rule 35 motion is committed to the discretion of the district court."), and it appearing that, after defendant's sentencing, he provided substantial assistance to the government by furnishing timely, accurate information about the drug distribution activities of a defendant in United States v. Jones, No. 1:06-CR-0378 (M.D. Pa.) and agreed to testify against the defendant, that this information assisted the government in securing the defendant's guilty plea, and

that although providing such information did not endanger defendant, assisting law enforcement in this manner inevitably entails a degree of risk,[1] and the court finding that the information provided by defendant qualifies as "substantial assistance" within the parameters of Rule 35, and that the eight-month reduction requested by the government, (see Doc. 356 at 7), is appropriate in light of this assistance, it is hereby ORDERED that:

1. The motion to reduce sentence for substantial assistance (Doc. 356) is GRANTED. See FED. R. CRIM. P. 35(b)(2)(A).

2. The judgment (Doc. 263) in the above-captioned case, as amended by the order of court (Doc. 354) dated November 3, 2008, is further AMENDED only to reflect that defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred twelve (112) months. See FED. R. CRIM. P. 35(b)(2)(A).

    a. This amendment relates back to the date of the original judgment, which shall otherwise remain unchanged.

    b. Any condition of the original judgment of sentence that has been fully or partially satisfied by the defendant shall be credited towards the amended judgment.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Courts often assess a Rule 35 motion in light of factors similar to those identified in § 5K1.1 of the United States Sentencing Guidelines, which governs pre-sentencing downward departures in a defendant's guidelines range for substantial assistance to law enforcement. See United States v. Bush, 896 F. Supp. 424, 427 & n.3 (E.D. Pa. 1995).